IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES DORSEY, | : |
| Petitioner, | : |
| VS. | : NO. 3:21-CV-00133-CDL-CHW |
| Sheriff STEVE THOMAS, | : |
| Respondent. | : |

# ORDER

Presently pending before the Court are the Objections filed by *pro se* Petitioner James Dorsey, an inmate currently confined in the Franklin County Detention Center in Carnesville, Georgia (ECF No. 8). Petitioner's objections will be liberally construed as a motion to amend his Petition and granted. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam). The Court has now reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] "as amplified by the new factual allegations in [Petitioner's] objections to the recommendation." *Id.* Based on this review, the Court's March 10, 2022 Recommendation (ECF No. 5) is **VACATED**, and it is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible

---

[1] The Court may apply these Rules to Petitioner's federal habeas petition even if it is filed pursuant to 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas Petition (ECF No. 1) and his Objections thereto (ECF No. 8).  If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial Petition (ECF No. 1), the Objections thereto (ECF No. 8), and any amended habeas petition filed in accordance with this Order.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.  Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Petitioner has also filed a motion requesting a "show cause hearing" (ECF No. 4) that this Court will liberally construe as a motion for an evidentiary hearing in this action.  Rule

8 of the Rules Governing Section 2254 Cases in the United States District Courts provides that if a petition is not dismissed, the Court "must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Respondent in this case has not yet answered, and the Court has not yet determined whether this Petition will ultimately be subject to dismissal.   Petitioner's motion for an evidentiary hearing (ECF No. 4) is therefore premature and **DENIED** as such.

A copy of the original Petition and the Objections and a copy of this Order shall be served upon Respondent by the Clerk via U.S. Mail.  A copy of this Order shall also be served by the Clerk by U.S. mail upon Petitioner.  Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 17th day of May, 2022.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge